**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARKELLE NEAL TAYLOR, | No. 08-17583 |
| Petitioner-Appellant, | D.C. No. 2:05-cv-0078-MCE-GGH |
| v. | |
| THOMAS CAREY, | MEMORANDUM [*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Presiding

Argued and Submitted September 14, 2010
San Francisco, California

Before: WALLACE and THOMAS, Circuit Judges, and MILLS,[**] Senior District Judge.

Petitioner Markelle Neal Taylor, a California state prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

Taylor brings a claim of prosecutorial misconduct. We will not reach the procedural default issue, because the prosecutorial misconduct claim fails on the merits. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002).

The alleged misconduct relates to testimony given by a Deputy District Attorney during Taylor's trial in state court. The Deputy District Attorney, Chris Ore, handled the initial phase of the prosecution and interviewed witnesses. Eventually, another prosecutor took over the case, and Ore was called as a witness. Ore violated a court order while testifying by volunteering unsupported speculation that one of the witnesses had been improperly influenced.

The Respondent has argued that when Ore testified, he was neither (1) an agent of the prosecution, nor (2) engaged in a prosecutorial function. We reject these arguments, and hold that Ore's improper conduct is attributable to the prosecution under *Giglio v. United States*, 405 U.S. 150, 154-55 (1972).

However, constitutional error alone is not sufficient to grant relief, because Taylor must also demonstrate that he was prejudiced by the error. *See Allen v. Woodford*, 395 F.3d 979, 998 (9th Cir. 2005).

In this instance, the state trial court worked with the prosecution and the defense to limit the impact of Ore's testimony. The court redacted the offensive

2

portion of the transcript, and the prosecution and the defense agreed to a stipulation that the trial court read to the jury.

We hold that the remedial action taken by the state trial court limited the impact of Ore's inappropriate comments and, as a result, Taylor was not prejudiced. *See Allen*, 395 F.3d at 998. Considering the curative action taken by the trial court, and the weight of the evidence, Taylor was not deprived of a fair trial. *See id.*

**AFFIRMED.**